UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01903-SSS-DTBx | Date | July 21, 2025 |
| Title | Jon Anthony Clark v. Freedom Forever LLC | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER NOTIFYING THE PARTIES OF THE COURT'S EXPECTATIONS FOR DISMISSAL UPON NOTICE OF SETTLEMENT [DKT. 43]**

The Court has received the parties' Stipulation of Dismissal. [Dkt. 43]. In the Ninth Circuit, when reviewing a class action pre-certification dismissal or compromise, "[t]he district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members, and therefore must inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). Specifically, "the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Id*.

Under Rule 23(e)(1)(A), "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Notice of pre-certification dismissal has three purposes: it

(1) "protects a defendant by preventing a plaintiff from appending class allegations to her complaint in order to extract a more favorable settlement," (2) "protects the class from objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds available to pay the class claims," and (3) "protects the class from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending class action."  *Diaz*, 876 F.2d at 1409-10.

The Court further notes that while some courts in the Ninth Circuit have found the 2003 amendment to Rule 23(e) abrogates *Diaz*, others in the Ninth Circuit continue to apply the *Diaz* factors in full.  *See Sinico v. Lyons Magnus, LLC*, No. 1:22-cv-01479-JLT-SAB, 2023 WL 2976370, at *1 n.1 (E.D. Cal. Apr. 17, 2023) (noting that "[c]ourts have maintained different opinions on this issue."); *see also Gutierrez v. J.M. Distrib., Inc.*, No. SA CV 20-00617-DOC-JEM, 2020 WL 4355513, at *1 (C.D. Cal. June 3, 2020) ("The Ninth Circuit has interpreted this requirement to apply before certification as well."); *Hall v. Western Refining Retail, LLC*, No. 5:19-cv-00855-VAP-SKx, 2021 WL 4497925, at *1, n.1 (C.D. Cal. June 23, 2021) ("Although some courts in this circuit have continued to apply Diaz, others have declined to do so in light of the amendments to Rule 23 . . . . The Court is persuaded by the latter authorities and the plain language of the Rule and accordingly performs no further analysis under Rule 23.").

In accordance with the cases above, the Court finds the *Diaz* review appropriate to ensure that the interests of the class members—even if the class is uncertified—are protected.  It is important to the Court that the class members are not being harmed by the settlement of an individual initially acting as the class's representative.  Without the *Diaz* review, the Court would have no way of knowing whether other class members have paused or abandoned their own pursuits of litigation due to their reliance on the potential class action.  Moreover, the Court seeks to ensure that the settlement is fair and does not abandon the interests of the class for the sake of the individual's own personal interests.  As such, this Court will continue to require a showing that the settlement in question meets the *Diaz* factors and will continue to review the terms, form, and value of any settlement or consideration being paid for dismissal, as well as a copy of the settlement agreement.

The Court seeks to make the parties aware of its expectations for dismissal of this action as it relates to the putative class.  Based on the *Diaz* factors outlined above, Plaintiff Clark is **DIRECTED** to provide information sufficient for the Court to determine whether dismissal of the case is collusive or prejudicial to the

putative class and whether notice to all members of the putative class is required. The information should also include the terms, form, and value of any settlement or consideration being paid for the dismissal, and a fully executed copy of any settlement agreement.  Clark must file a written response providing this information by **July 25, 2025.**  A hearing is set on this matter on **August 1, 2025, at 1:00 p.m.** via Zoom videoconference.

    **IT IS SO ORDERED.**